PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Darrell Alexander  **Docket Number:** 02-00263-001
**PACTS Number:** 32482

**Name of Sentencing Judicial Officer:** HONORABLE DICKINSON R. DEBEVOISE
SENIOR UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 01/10/2006

**Original Offense:** UNLAWFUL TRANSPORT OF FIREARMS - ETC.

**Original Sentence:** 105 months imprisonment; 3 years supervised release.

**Type of Supervision:** supervised release  **Date Supervision Commenced:** 02/27/07

**Assistant U.S. Attorney:** Rodney Villazor, 970 Broad Street, Room 502 Newark, New Jersey 07102 (973) 645-2700

**Defense Attorney:** Lisa Mack, 1002 Broad Street, Newark, New Jersey 07102, (973) 645-6347

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

1    The offender has violated the mandatory supervision condition which states '**You shall not commit another federal, state, or local crime.**'

     On May 29, 2008, Alexander was arrested by Irvington, New Jersey Police and charged with eluding police. According to the arrest report, on May 29, 2008, while patrolling in the area of Berkeley Terrace and Grove Street, Irvington Police observed the offender operating a Dodge Intrepid at an extremely high rate of speed. Police, while operating a marked police car, wearing a uniform and clearly identifiable as a police officer, activated their emergency lights and siren in an attempt to signal to the driver, later identified as Darrell Alexander, to pull over and stop. Alexander ignored police lights and sirens and drove through a red traffic light into the intersection with no regard for vehicular traffic continuing on Clinton Avenue. The Dodge rapidly accelerated south on Grove Street reaching speeds of 60-70 miles per hour. At the intersection of Grove Street and Nye Avenue, Alexander nearly struck a slower moving vehicle. In an attempt to avoid the collision Alexander lost control of the Dodge Intrepid and

PROB 12C - Page 2
Darrell Alexander

crashed into the front of a parked, unoccupied vehicle on Grove Street. The force of the impact knocked the parked vehicle into the air and across the front of the retaining wall, steps and fence. The fleeing Dodge, driven by Alexander, proceeded to strike a second parked and unoccupied vehicle also causing damage to the vehicle. Police approached Alexander's vehicle and it was apparent that both occupants were injured. The fire department responded and extricated Alexander from the vehicle utilizing the "Jaws of Life." As police assisted emergency response units in removing Alexander they smelled a strong odor of alcoholic beverage on his breath. Alexander was transported to University of Medicine and Dentistry Hospital of New Jersey (UMDNJ), located in Newark, after sustaining significant injuries. A one-count indictment (08-10-2951)was filed in New Jersey Superior Court, Essex County, in October 2008, charging Alexander with second degree eluding police. On June 30, 2009, Alexander pled guilty to one count, third degree eluding police in violation of New Jersey Statute 2c:29-2b. On March 26, 2010, the Honorable Joseph E. Cassini, III sentenced Alexander to a four-year prison term with the New Jersey Department of Corrections. On June 4, 2010, the Honorable Joseph E. Cassini III signed an order vacating the state sentence pending his violation of supervised release hearing and sentencing in U.S. District Court. Alexander is scheduled to be re-sentenced in New Jersey Superior Court, Essex County, on September 17, 2010.

Pursuant to U.S.S.G. §§4B1.2(a) and 4B1.2(a)(2), the circumstances surrounding this arrest constitutes a crime of violence. The term "crime of violence" is any offense under federal or state law, punishable by imprisonment for a term exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another." Clearly, it appears evident that the offender's actions on May 29, 2008, which lead uniformed police officers operating marked patrol vehicles on a high speed chase throughout the residential streets of Irvington presented a risk of serious physical injury to another.

PROB 12C - Page 3
Darrell Alexander

2   The offender has violated the supervision condition which states '**You shall not commit another federal, state, or local crime.**'

On March 5, 2010, the offender was arrested by members of The High Impact Team (HIT), a unit comprised of local, county, and state law enforcement agencies tasked with addressing and combating the rise in violent crime and illegal drug activity in and around the Township of Irvington, New Jersey. Alexander was charged with various drug-related offenses. At the time of his arrest, police responded to the White Castle parking lot located at 480 Lyons Avenue, after receiving concerns about a black male distributing drugs in the parking lot. From surveillance vehicles, law enforcement observed a black male, matching the description given, walking in the parking lot talking on a cell phone. Darrell Alexander was positively identified as the individual observed making a drug transaction. Alexander observed the units approaching him, appeared startled and attempted to turn and run. Alexander only made it a few feet before being apprehended by law enforcement and placed in handcuffs. While doing so, Alexander dropped two (2) bricks of heroin (100 decks stamped in blue ink labeled, "Judgment Day." A search of Alexander's person revealed twenty-one (21) clear top vials from his jacket pocket and $50 in U.S. currency. Alexander was transported to headquarters for processing and charged with two counts of unlawful possession of a controlled dangerous substance (heroin and cocaine) in violation of NJ Statute 2c:35-10a(1) and two counts of possession with intent to distribute a controlled dangerous substance (heroin and cocaine) in violation of NJ Statute 2c:35-5a(1). The confiscated narcotics were field tested and returned positive results for both heroin and cocaine.

The case was transferred to New Jersey Superior Court, Essex County. On March 10, 2010, a four-count accusation (A263-3-10) was filed charging Alexander with count one, 3rd degree unlawful possession of heroin; count two, 3rd degree possession with intent to distribute heroin; count three, 3rd degree unlawful possession of cocaine; and count four, 3rd degree possession with intent to distribute cocaine. On March 26, 2010, Alexander appeared before the Honorable Joseph E. Cassini III and pled guilty to counts one and three. On March 26, 2010, the Honorable Joseph E. Cassini, III sentenced Alexander to a four-year prison term with the New Jersey Department of Corrections to run concurrent with Indictment 08-10-2951 and any federal violation of supervised release sentence imposed. On June 4, 2010, the Honorable Joseph E. Cassini III signed an order vacating the state sentence pending Alexander's violation of supervised release hearing and sentencing in U.S. District Court. Alexander is scheduled to be re-sentenced in New Jersey Superior Court, Essex County, on September 17, 2010.

PROB 12C - Page 4
Darrell Alexander

3      The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

On January 1, 2008, at approximately 1:00a.m., the offender was involved in a drive-by shooting while sitting in the drivers seat of a 2008 Pontiac Grand Prix registered in his name while outside Mercedes & Mink, a nightclub located on Springfield Avenue, Newark, New Jersey. The offender's passenger, Kasan Page, was fatally shot in the forehead, later dying from his injuries at University Hospital. Mr. Page was a convicted felon and was released from New Jersey Department of Corrections in 2006, after serving more than eight (8) years for drug dealing, weapons possession, robbery and a parole violation.

4      The offender has violated the supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

On March 31, 2007, the offender applied for and obtained his New Jersey Driver's License without reporting this information to the undersigned officer despite numerous inquiries regarding same. He further failed to disclose this information in his monthly supervision reports. Furthermore, the offender reported his address to the Division of Motor Vehicle as 50 Fenwick Street, Newark, New Jersey (address of The Kintock Group, a community confinement center where Alexander served five months during his re-entry phase before being returned to BOP on an infraction). Since April 2007, the offender received various traffic summons and has appeared in Court and failed to notify the U.S. Probation Office of his appearance in court.

5      The offender has violated the supervision condition which states '**Unlawful substance use**'

On April 18, 2008, the offender submitted to random urine testing at BI-Elizabeth, a contracted treatment provider located at 208 Commerce Place, Elizabeth, New Jersey, as directed. The results were positive for cocaine and marijuana. On April 21, 2008, the results were confirmed positive by Kroll Laboratories, Incorporated, for cocaine and marijuana.

PROB 12C - Page 5
Darrell Alexander

I declare under penalty of perjury that the foregoing is true and correct.

By: Elizabeth A. Villa
U.S. Probation Officer
Date: 9/21/10

THE COURT ORDERS:

[X] The Issuance of a Warrant
[ ] The Issuance of a Summons. Date of Hearing: _____.
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

_____
Date